UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. SHAW-EL,

    Plaintiff,

vs.

CITY OF MADISON HEIGHTS, et al.,

    Defendants.
_____/

Civil Action No.
09-CV-12525

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**[1]

This is a *pro se* civil rights case. Plaintiff Ronald G. Shaw-El is proceeding *in forma pauperis*. Although the underlying facts are not clear from the Complaint, Shaw-El appears to broadly allege a conspiracy in which his own defense counsel, law enforcement, a city attorney, and a state judge conspired to arrest, prosecute, and convict him of criminal charges in state court. Specifically, Shaw-El contends that "the amended [criminal] complaint and arrest warrant did not achieve[] [the] purpose of naming [him] as the accused defendant." Compl. at p. 3. Apparently, Shaw-El takes issue with the fact that the warrant and charging documents reflected Shaw-El's full name in all capital letters and without the suffix "El," as in "Shaw-El." He believes that these purported deficiencies rendered his state court conviction invalid because the state court never possessed jurisdiction over him.

Shaw-El is suing (1) the City of Madison Heights, (2) Sergeant Kowaleski, (3) City Attorney

---

[1] The Court originally scheduled this matter for a hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. *See* E.D. Mich. LR 7.1(e)(2).

1

Grochowski, (4) the law firm of Sherman & Sherman, P.C.[2], (5) Judge Turner, and (6) Defense counsel Samicky. For relief, Shaw-El seeks damages of $356 million.

On March 12, 2010, Defendants filed a Motion to Dismiss or, alternatively, a Motion for Summary Judgment. In their motion, Defendants assert the following arguments: (1) the Complaint fails to state a claim upon which relief can be granted; (2) City Attorney Grochowski and Judge Turner have absolute immunity from liability; (3) Shaw-El is barred from challenging Officer Kowaleski's probable cause determination, (4) Sergeant Kowaleski has qualified immunity from liability, and (5) the Complaint fails to state a municipal liability claim against the City of Madison Heights.

Shaw-El filed a response brief on May 12, 2010. The brief consists mostly of irrelevant rambling and does not contain any persuasive legal arguments. In particular, Shaw-El fails to explain why the authority cited by Defendants is not controlling here.

Having carefully reviewed the pleadings and the parties' submissions, the Court concludes that, pursuant to E.D. Mich. LR 7.1(e)(2), there is no need for oral argument. The Court finds that there is no merit to any of Shaw-El's claims. The Court further finds that dismissal of the Complaint in this case is appropriate for the reasons stated by Defendants in their brief. Specifically, the Court concurs with Defendants that:

- City Attorney Grochowski enjoys absolute prosecutorial immunity from liability. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights); *Shoultes v. Laidlaw*, 886 F.2d 114, 118 (6th Cir. 1989) ("[o]fficials performing quasi-prosecutorial functions or 'certain functions analogous to those of a prosecutor should be able to claim absolute immunity with

---

[2] Sherman & Sherman, P.C. conduct misdemeanor prosecutions for the City of Madison Heights. Grochowski is a lawyer with Sherman & Sherman, P.C.

2

respect to such acts'" (quoting *Butz v. Economou*, 438 U.S. 478, 515 (1978)).

- Judge Turner is absolutely immune from liability. *See Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (holding that judges are absolutely immune from liability for damages for acts committed within their judicial discretion, even if the judge is accused of acting maliciously and corruptly).

- To the extent Shaw-El alleges constitutional violations against Sergeant Kowaleski, his claim is not viable pursuant to *Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1998) (where law enforcement officers have made an arrest, a resulting conviction is a defense to a civil rights action asserting that the arrest was made without probable cause). To the extent Shaw alleges Sergeant Kowaleski's involvement in a conspiracy with the other defendants, Shaw-El has pled no facts that could plausibly support such a claim.

- Shaw-El fails to state a municipal liability claim against the City of Madison Heights upon which relief can be granted for the reasons stated on pages 11-12 of Defendants' brief. Namely, Shaw-El has not identified any unconstitutional policy or custom of the City of Madison Heights or its police department that has served to deprive him of his constitutional rights. *See Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("[a] local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights"). Moreover, to the extent Shaw-El seeks to hold the City liable for the acts of Sergeant Kowaleski, the claim is foreclosed by the Supreme Court's decision in *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable [under § 1983] solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory").

Moreover, while Defendants do not directly address the claims against Samicky in their motion, the Court finds that any such claims have no arguable basis in law because Samicky, Shaw-El's court-appointed defense attorney, is not a "state actor" and therefore cannot be sued under § 1983 for money damages. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

For the reasons stated, this case is dismissed.

SO ORDERED.

                S/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: June 30, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2010.

                S/Denise Goodine
                Case Manager